**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

Domkog Mo, As Administrator of the Estate of Lueth Mo,

Plaintiff,

v. 5:23-CV-01602 (ECC/MJK)

Onondaga County, *et al*.,

Defendants.

---

---

Hawa Ayek, As Administratrix of the Estate of Dhal Apet

Plaintiff,

v. 5:23-CV-01608 (ECC/MJK)

Onondaga County, *et al*.,

Defendants.

---

Fred Lichtmacher, Esq. Attorney for Plaintiffs
Mary L. D'Agostino, Esq. Attorney for Defendants.

Mitchell J. Katz, U.S. Magistrate Judge

**MEMORANDUM-DECISION AND ORDER**

Before the Court is Defendants' motion seeking an Order:

"directing the unsealing and/or production of the Oneida Police Department's law enforcement records concerning a series of thefts in the City of Oneida on the morning of September 6, 2023 involving a group of juveniles, including [Plaintiffs' decedents], and permitting, if necessary, Defendants to move to compel compliance with production of those records; and (2) in [the] alternative, precluding Plaintiffs from seeking 'loss of enjoyment of life' or hedonic damages." (Dkt. 61, pg. 2).[1] Plaintiffs oppose Defendants' motion. (Dkt. 64).

Also before the Court is Defendants' Order To Show Cause why an order should not be entered directing the City of Oneida (including the City of Oneida Police) (a non-party to this action) to unseal and produce:

> certain law-enforcement records maintained by the City of Oneida and/or the City of Oneida Police Department concerning the series of thefts that occurred in the City of Oneida on the early morning of September 6, 2023, and which are believed to have involved Dhal Apet and/or Lueth Mo. These records are believed to include police reports, surveillance videos, witness statements, 911 records, body-worn camera footage, evidence logs, photographs, investigative notes, arrest records, incident reports, and other documents, recordings, or electronically stored information concerning those incidents, but excluding records relating to any disposition in Family Court.

[1] Page references are to the page numbers assigned by the CM/ECF system.

(Dkt. 70). The Order To Show Cause was duly served. (Dkts. 71, 71-1). The City of Oneida did not oppose the motion.

For the reasons stated below, Defendants' motion is granted in part and denied in part.[2][3] The relief requested in the Order To Show Cause is granted consistent with the relief granted in Defendants' motion.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts of this case and will incorporate them as necessary in its analysis of the motion.

## II. The Parties' Positions

### A. Defendants' Motion

Defendants make the following arguments in support of their motion:

*First*, Defendants maintain that "because federal law controls, this Court has authority to order the production of juvenile law enforcement

[2] The Court issued a text order on March 6, 2026 consolidating these cases for discovery purposes. (Dkt. 45).

[3] This Court does not have jurisdiction to "preclude" Plaintiffs from seeking hedonic damages, as the relief sought, *e.g.*, dismissal of a claim, is dispositive. In any event, the Court need not reach the issue for the reasons stated below.

records involving the Decedents notwithstanding the state court's innovation of Family Court Act § 375.1." (Dkt. 62, Defs. Br., pg. 6). In support of their argument, Defendants assert that New York State law does not control "discoverability and confidentiality." (Dkt. 62, Defs. Br., pg. 7). Therefore, Defendants argue that in "federal civil rights cases such as this one, there are 'strong federal interests in broad discovery and truth-seeking' which state privileges rules 'should not be permitted to frustrate.'" (Dkt. 62, Defs. Br., pg. 7) (citing *Mccloud v. City of New York*, No. 23-CV-8341, 2025 WL 3759532, at *7 (E.D.N.Y. Dec. 29, 2025) (quoting *Crosby v. City of New York*, 269 F.R.D. 267, 274 (S.D.N.Y. 2010)).

Notably, Defendants point to various federal court cases that stand for the proposition that no federal privilege exists under Fed. R. Ev. 501 for withholding juvenile records. (Dkt. 62, Defs. Br., pg. 8) (citing *Pearson v. Miller*, 211 F.3d 57, 71 (3d Cir. 2000); *see also* *Longenbach v. McGonigle*, 750 F. Supp. 178, 180 (E.D.Pa.1990) ("We know of no common law federal privilege against disclosing juvenile records."); *Casertano v. Kerwin*, No. 09-CV-1853, 2011 WL 283990, at *2 (D. Conn. Jan. 24, 2011) ("Although the juvenile records are

undoubtedly confidential, they are not privileged, and therefore they are subject to discovery."). And because no privilege attaches to juvenile records, Defendants contend that Family Court Act § 375.1 does not "create a categorical bar to discovery in this federal civil-rights action." (Dkt. 62, Defs. Br., pg. 8).

*Second*, Defendants maintain that "Plaintiffs' pursuit of 'loss of enjoyment of life' damages necessarily opens the door to evidence of Decedents' character, criminal history, and lifestyle and if Defendants are unable to obtain discovery bearing on this category of damages, Plaintiff[s] should not be permitted to pursue that damages theories." (Dkt. 62, Defs. Br., pg. 9).

In support of their argument, Defendants cite, among other cases, *McCoy v. City of Vallejo*, No. 19-CV-01191-JAM-CKD, 2023 WL 7927967 (E.D. Cal. Nov. 16, 2023) for the proposition that evidence relating to a decedent's physical and mental health, criminal history, gang affiliation, future plans, and personal habits is relevant to the assessment of "loss of enjoyment of life" damages. *See id.* at *4. Defendants also rely on *Wilson v. City of Chicago*, 758 F.3d 875, 882–83 (7th Cir. 2014), which held that past drug and alcohol use was properly

admitted and relevant to the jury's assessment of "loss of society" damages. (Dkt. 62, Defs. Br., pg. 10). As in *McCoy* and *Wilson*, Defendants in this case contend that one of the decedents "had significant prior contact with law enforcement despite his young age, including recent felony-level activity" and that the information requested "bears directly on the valuation of any claimed loss-of-enjoyment-of-life damages, including issues of life expectancy, quality of life, future prospects, and the credibility and completeness of Plaintiffs' damages narrative." (*Id.*).

*Third*, Defendants argue that "any concerns about unfair prejudice as to the City of Oneida's law enforcement records go to admissibility, *not discoverability*." (Dkt. 62, Defs. Br., pg. 14) (emphasis in original). In support of their argument, Defendants cite Fed. R. Civ. P. 26(b)(1) which provides that "[i]nformation within this scope of discovery need not be admissible to be discoverable." Defendants contend that at this juncture of the litigation, "the question is *not* whether every document ultimately produced will be admissible at trial." (*Id.*) (emphasis in original).

*Fourth*, Defendants argue that "the allegedly sensitive nature of the requested juvenile law enforcement records is properly addressed through the parties' protective order—*not* discovery preclusion." (Dkt. 62, Def. Br., pg. 15) (emphasis in original).

**B. Plaintiffs' Opposition**

Plaintiffs make the following arguments in opposition to Defendants' motion:

*First,* Plaintiffs argue that "[t]here is virtually no precedent in the Second Circuit for unsealing juvenile records by defendants in attempts to mitigate damages in a civil case." (Dkt. 64, Pl. Br., pgs. 4-6). In support of their argument, Plaintiffs rely on *Creighton v. City of New York* where the Court denied defendants efforts to unseal juvenile records, holding that because "[d]efendants have not made a compelling showing of relevance and proportionality, the Court finds that it would be unduly oppressive, and too greatly in tension with important state policy protecting juvenile to require [p]laintiff to provide [d]efendants with access to sealed juvenile records involving arrests that did not leave to convictions or incarceration." 2016 WL 1178648, at *2 (S.D.N.Y. Mar. 17, 2016).

*Second*, Plaintiffs contend that Defendants' request for decedents' juvenile records is "irrelevant, or at best, marginally relevant and disproportionate under Rule 26(b)(1)." (Dkt. 64, Pl. Br., pg. 6).

*Third*, Plaintiffs assert that New York Family Court Act § 375.1 precludes Defendants from obtaining decedents' juvenile records. (Dkt. 64, Pl. Br., pg. 8).

*Fourth*, Plaintiffs argue that principles of "comity support[] respecting New York State Law in this matter." (Dkt. 64, Pl. Br., pg. 9).

*Fifth*, Plaintiffs claim that decedents' juvenile records are not necessary because "[t]he jury will know that decedents were present for the non-violent burglary of the smoke shop where Defendant Rosello encountered them when they are shown the video." (Dkt. 64, Pl. Br., pg. 9). According to Plaintiffs, "[t]o allow Defendants to explore another act, from the same date, is redundant, unnecessary, and unfair." (Dkt. 64, Pl. Br., pg. 10).

*Sixth*, Plaintiffs argue that principles of fairness preclude Defendants from obtaining decedents' juvenile records. Specifically, they state that because decedents are unavailable to defend against

whatever the sealed records may show, the jury will not be able to "hear their explanations." (*Id*).

*Seventh*, Plaintiffs claim that Defendants have failed to explain why "the federal substantive policy they allege is embodied in section 1983, outweighs the state interest in preserving juvenile records, or even exactly what such substantive policy is." (Dkt. 64, Pl. Br., pg. 11).

*Eighth*, Plaintiffs seek to preclude decedents' juvenile records because of fear that Defendants "will attempt to stereotype [decedents] as people to be scared of due to the color of their skin." (Dkt. 64, Pl. Br., pg. 14).

## III. <u>DISCUSSION</u>

Central to the disposition of Defendants' motion is the juxtaposition of New York State Family Court Act § 375.1 and their right to discovery in this federal court action.

Family Court Act § 375.1 states:

> Upon termination of a delinquency proceeding against a respondent in favor of such respondent, unless the presentment agency upon written motion with not less than eight days notice to such respondent demonstrates to the satisfaction of the court that the interests of justice require otherwise or the court on its own motion with not less than eight days notice to such respondent determines that the interest of justice require otherwise and states the reason for such determination on the record, the clerk of

> the court shall immediately notify the counsel for the child, the director of the appropriate presentment agency, and the heads of the appropriate probation department and police department or other law enforcement agency, that the proceeding has terminated in favor of the respondent and, unless the court has directed otherwise, that the records of such action or proceeding, other than those destroyed pursuant to section 354.1 of this act, shall be sealed. Upon receipt of such notification all official records and papers, including judgments and orders of the court, but not including public court decisions or opinions or records and briefs on appeal, relating to the arrest, the prosecution and the probation service proceedings, including all duplicates or copies thereof, on file with the court, police agency, probation service and presentment agency shall be sealed and not made available to any person or public or private agency. Such records shall remain sealed during the pendency of any motion made pursuant to this subdivision.

At the same time, in cases presenting federal questions, there are "strong federal interests in broad discovery and truth-seeking." *Crosby v. City of New York*, 269 F.R.D. 267, 274 (S.D.N.Y. 2010) (internal quotations omitted). To that end, Fed. R. Civ. P. 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged material that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "'Material is relevant for Rule 26(b)(1) discovery purposes if it bears on or is germane to any issue in the case or that may become an issue, but such material need not be admissible as evidence to be subject to discovery as provided in

Rule 26(b)(1).'" *Dell v. Liberty Mut. Fire Ins. Co.*, 2026 U.S. Dist. LEXIS 169972 at *30 (W.D.N.Y. July 26, 2026 (quoting *Thuman v. Dembski*, No. 13-CV-01087A(F), 2022 WL 1197551, at *5 (W.D.N.Y. Apr. 22, 2022). In reviewing Defendants' motion, the Court considers that while the scope of discovery is "broad," it is not "limitless." *Fears v. Wilhelmina Model Agency, Inc.*, No. 02-CV-4911, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004). The party seeking discovery must show that it is not engaging in "merely a fishing expedition." *Carl v. Edwards*, No. 16-CV-3863, 2017 WL 4271443, at *3 (E.D.N.Y. Sept. 25, 2017) (quoting *Barbara v. MarineMax, Inc.*, No. 12-CV-368, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013)).

To safeguard the strong federal interest in broad discovery and truth-seeking, district courts have held that any "comity" between the federal government and state "does not involve rote application of state law." *Howard v. City of Rochester*, 758 F. Supp. 3d 109, 120 (W.D.N.Y. Nov. 25, 2024). Thus, even if "New York State ha[s] created a rule of confidentiality… this would not be binding on a federal court in a federal question case." *Id.* (internal quotations omitted); *see also Adams v. Buffalo Pub. Sch.*, No. 13CV435A, 2014 WL 3882182, at *6 (W.D.N.Y.

Aug. 7, 2014) ("even if New York State had created a rule of confidentiality against disclosure of inmate identification, this would not be binding on a federal court in a federal question case."). Indeed, "'state privacy rules… should never be permitted to frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating the important federal substantive policy such as that embodied in section 1983.'" *Lehman v. Kornblau*, 206 F.R.D. 345, 348 (E.D.N.Y. 2001) (quoting *Cruz v. Kennedy*, No. 97 Civ. 4001, 1997 WL 839483, at *1 (S.D.N.Y. Dec. 19, 1997)).

While the Second Circuit has not addressed the issue of federal privilege regarding withholding juvenile records, other federal courts have declined to recognize any such privilege. *See Pearson v. Miller*, 211 F.3d 57, 71 (3d Cir. 2000); *see also Longenbach v. McGonigle*, 750 F. Supp. 178, 180 (E.D.Pa.1990) ("We know of no common law federal privilege against disclosing juvenile records."); *see also Kelley v. City of Hamden*, No. 15-CV-00977, 2015 WL 9694383, at *3 (D. Conn. Nov. 23, 2015) ("Thus, the question becomes whether the state may withhold the requested documents from federal discovery on the grounds that the state statute orders them to be considered 'erased.'"); *Casertano v.*

*Kerwin*, No. 09-CV-1853, 2011 WL 283990, at *2 (D. Conn. Jan. 24, 2011) ("Although the juvenile records are undoubtedly confidential, they are not privileged, and therefore they are subject to discovery."). This Court declines to deviate from these authorities and holds that a juvenile's records are not subject to a federal privilege.

Having determined that decedents' juvenile records are not privileged, the Court turns its attention to determining whether they are relevant to the claims or defenses in this case. The Court agrees with Defendants' argument that Plaintiffs' pursuit of 'hedonic damages' "necessarily invites a future jury to consider Decedents' futures, character, life prospects, and expected enjoyment of life." (Dkt. 62, Def. Br., pg. 9). The Court also finds that Defendants' reliance on *Wilson* is instructive. *See also Cobige v. City of Chicago, Ill.*, 651 F.3d 780, 784 (7th Cir. 2011) *as amended on denial of reh'g* (Sept. 8, 2011) (evidence about imprisonment, arrests, and drug addiction were relevant to plaintiff's loss of enjoyment of life); *Zibolis-Sekella v. Ruehrwein*, No. 12-CV-228-JD, 2013 WL 12177858, at *1 (D.N.H. Oct. 8, 2013) ("evidence of a decedent's drug use is relevant to a claim for damages for loss of enjoyment of life"); *Silva v. Christopher Chung*, No. CV 15-00436

HG-KJM, 2019 WL 2292073, at *6 (D. Haw. May 29, 2019) ("[d]ecedent's history of drug abuse and mental health treatment are relevant to the issue of life expectancy, occupation, and enjoyment of life").

Despite Plaintiffs' argument to the contrary, the Court finds *Creighton* to be instructive. In denying defendants' motion in *Creighton*, the court noted that "[i]n considering Defendants' request for a broad release permitting the unsealing of all of Plaintiff's arrest records, this Court must balance Defendants' need for the requested information in this federal litigation with the important policies underlying the state statutory privileges at issue." *Creighton*, 2026 WL 1178648, at *2. Although the court denied defendants' motion to release plaintiff's juvenile records, it did so because defendants did not make "a compelling showing of relevance and proportionality," not because the documents were privileged. *Id.*

Here, Defendants have made a compelling showing of relevance for the requested items because Plaintiffs are pursuing hedonic damages and the Court finds that the information Defendants seek to discover from the Oneida Police Department's records is relevant to the

jury's consideration of decedents' "anticipated futures, character, life prospects, and expected enjoyment of life." (Dkt. 62, Def. Br., pg. 9).[4] The Court also finds that Defendants' request is proportional because they are only seeking documents regarding a series of thefts in the City of Oneida on the morning of September 6, 2023, and not more (Dkt. 61-1, ¶ 3).

The Court appreciates Plaintiffs' objection that the probative value of the requested discovery is outweighed by its potential prejudice, but that determination is for the District Court to make at trial. The only issue before this Court is discoverability, and clearly not the issue of admissibility. As stated in Fed. R. Civ. P. 26(b)(1), "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." In other words, admissibility is not a condition precedent to discoverability. *See In re Terrorist Attacks on September 11, 2001*, 2013 WL 2641383, *5 (S.D.N.Y. 2013) (admissibility is not a prerequisite to discoverability).

---

[4] Plaintiffs must, and do, concede that the evidence is "marginally relevant," and unsurprisingly have declined Defendants' invitation to dismiss their hedonic damages claims.

Plaintiffs' concerns about the sensitive nature of the requested discovery coupled with safeguarding the protections afforded by Family Court Act § 375.1 are addressed by the January 13, 2026 Protective Order. (Dkt. 34). Any materials produced in accordance with the Order are subject to its terms and conditions, and counsel are directed to confer regarding designations in accordance with that Protective Order.

Finally, the relief requested by Defendants in the Order To Show Cause issued to the City of Oneida mimics the relief requested in their motion. The City of Oneida was properly served with the Order To Show Cause (Dkts. 71, 71-1) and did not file any opposition to the relief requested. The Court therefore grants the relief requested by Defendants consistent with the terms and conditions of this Memorandum-Decision and Order.

## IV. CONCLUSION

**WHEREFORE**, based on the findings above, it is hereby

**ORDERED**, that Defendants' motion directing the unsealing and production of the Oneida Police Department's law enforcement records involving Plaintiffs' decedents relating to a series of thefts in the City of

Oneida on the morning of September 6, 2023 is **GRANTED**; and it is further

**ORDERED**, that the relief requested in the Order To Show Cause (Dkt. 70) is **GRANTED**; and it is further

**ORDERED**, that the City of Oneida, including the City of Oneida Police Department, shall, except as provided below, produce to Defendants' counsel, Hancock Estabrook, attention, Mary D'Agostino, Esq. its records involving or concerning Domkog Mo and Hawa Ayek relating to a series of thefts in the City of Oneida on the morning of September 6, 2023, and those records shall include, but not be limited to, police reports, surveillance videos, witness statements, 911 records, body-worn camera footage, evidence logs, photographs, investigative notes, arrest records, incident reports, and any other documents, recordings, or electronically stored information concerning the Oneida County thefts on the morning of September 6, 2023 involving Plaintiffs' decedents;[5] and it is further

---

[5] The items referenced in this ORDERED paragraph are taken from Defendants' Memorandum of Law.

**ORDERED**, that the City of Oneida, including the City of Oneida Police Department shall **not** produce records related to any disposition in Oneida County Family Court; and it is further

**ORDERED,** that counsel for the parties shall confer regarding the protections to be afforded to the items produced in accordance with this Order, and shall make appropriate designations under the Court's Protective Order; and it is further

**ORDERED**, that Defendants' motion to preclude Plaintiffs from seeking loss of enjoyment of life or hedonic damages is **DENIED**.

Dated: October 2, 2026.

Digitally signed by Mitchell J Katz
Date: 2026.10.02 14:24:21 -04'00'

Hon. Mitchell J. Katz
U.S. Magistrate Judge